## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1)  NATIONAL FIRE & MARINE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>1)  KINGS AUTO SALES INC.;<br>2)  SAMIR EL YOUBI;<br>3)  KATHLEEN NUNLEY MONAHAN; and<br>4)  PETER MONAHAN,<br><br>Defendants. | Case No.   CIV-22-468-G |

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW the Plaintiff, National Fire & Marine Insurance Company, by and through the undersigned, pursuant to 28 U.S.C. §§ 2201 *et seq.*, and for its Complaint for Declaratory Relief against the Defendants herein, alleges and states as follows:

1.     This action seeks a declaratory judgment to determine a real and justiciable controversy among the parties with respect to their rights and obligations, if any, under an insurance policy issued by Plaintiff naming Defendant Kings Auto Sales, Inc., as insured, described in greater detail below.

### PARTIES, JURISDICTION, AND VENUE

2.     Plaintiff National Fire & Marine Insurance Company ("National") is an insurance company incorporated under the laws of the State of Nebraska with its principal place of business in the State of Nebraska.

1

3.     Defendant Kings Auto Sales Inc. ("Kings Auto") is a suspended for-profit corporation incorporated under the laws of the State of Oklahoma with its principal place of business in Oklahoma County, State of Oklahoma.

4.     Defendant Samir El Youbi ("El Youbi") is a citizen of Canadian County, State of Oklahoma.

5.     Defendants Kathleen Nunley Monahan and Peter Monahan ("the Monahans") are a married couple.  Each of the Monahans is a citizen of the State of California.

6.     Underlying this action is a judgment for damages the Monahans obtained against Kings Auto and El Youbi in a lawsuit filed in the Superior Court of the State of California in and for the County of Mendocino, captioned *Monahan v. Acosta, et al.*, Case No. SCUK-CVPM-18-71886.  The Monahans have since petitioned to have that judgment registered as a foreign judgment in the District Court of Oklahoma County, State of Oklahoma, in the action captioned *Monahan v. Kings Auto Sales, Inc., et al.*, Case No. CV-2022-183.  *See* Okla. Stat. tit. 12 §§ 719-726 (Uniform Enforcement of Foreign Judgments Act).  The amount of such judgment is in excess of $75,000.00.

7.     The Plaintiff National is diverse from Defendants Kings Auto, El Youbi, and the Monahans, and the amount in controversy exceeds $75,000.00.  Subject matter jurisdiction for this action is proper under 28 U.S.C. § 1332.

8.     Venue is proper within the U.S. District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1391(b)(2), or alternatively 28 U.S.C. § 1391(b)(3).

THE NATIONAL POLICY

9.      For the times relevant herein, National had issued a Commercial Policy

providing Garage Coverage, policy no. 72 GHS 036561, with policy period from

08/03/2016 to 08/03/2017 ("the Policy").

10.      "Kings Auto Sales Inc." is the Named Insured on the Policy.

11.      Throughout the Policy, the words "you" and "your" refer to Kings Auto.  The

words "we," "us" and "our" refer to National.

12.      In pertinent part, the Policy provides as follows regarding liability coverage:

> **SECTION II – LIABILITY COVERAGE**
> **A.  Coverage**
>    …
>    **2.  "Garage Operations" – Covered "Autos"**
>    We will pay all sums an "insured" legally must pay as
>    damages because of "bodily injury" or "property
>    damage" to which this insurance applies, caused by an
>    "accident" and resulting from "garage operations"
>    involving the ownership, maintenance or use of covered
>    "autos".  We will also pay all sums an "insured" legally
>    must pay as "covered pollution cost or expense" to
>    which this insurance applies, caused by an "accident"
>    and resulting from "garage operations" involving the
>    ownership, maintenance or use of covered "autos".
>    However, we will only pay for the "covered pollution
>    cost or expense" if there is either "bodily injury" or
>    "property damage" to which this insurance applies that
>    is caused by the same "accident."
>
>    We have the right and duty to defend any "insured"
>    against a "suit" asking for such damages or a "covered
>    pollution cost or expense".  However, we have no duty
>    to defend any "insured" against a "suit" seeking
>    damages for "bodily injury" or "property damage" or a
>    "covered pollution cost or expense" to which this
>    insurance does not apply.  We may investigate and settle
>    any claim or "suit" as we consider appropriate.  Our

duty to defend or settle ends when the Liability Coverage Limit of Insurance – "Garage Operations" – Covered "Autos" has been exhausted by payment of judgments or settlements.

* * * * * * *

13.    The Policy provides as follows with regard to who is an insured under the

Policy:

> **SECTION II – LIABILITY COVERAGE**
> **A. Coverage**
> …
> **3. Who Is An Insured**
>   **a.** The following are "insureds" for covered "autos":
>     **(1)** You for any covered "auto".
>     **(2)** Anyone else while using with your permission a covered "auto" you own, hire or borrow except: …
>     **(3)** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.
>     **(4)** Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

* * * * * * *

14.    The Policy's Garage Declarations defines "covered 'autos'" with symbol 21,

meaning "Any 'Auto'".

15.    The Policy contains the following conditions, in pertinent part:

> **SECTION V – GARAGE CONDITIONS**
> The following conditions apply in addition to the Common Policy Conditions:
> **A. Loss Conditions**
> …
>   **2. Duties In The Event Of Accident, Claim, Suit Or Loss**

4

We have no duty to provide coverage under this policy
unless there has been full compliance with the following
duties:

**a.** In the event of "accident", claim, "suit" or "loss",
you must give us or our authorized representative
prompt notice of the accident or "loss". Include:

   **(1)** How, when and where the "accident" or "loss"
occurred;

   **(2)** The "insured's" name and address; and

   **(3)** To the extent possible, the names and addresses
of any injured persons and witnesses.

**b.** Additionally, you and any other involved "insured"
must:

   **(1)** Assume no obligation, make no payment or incur
no expense without our consent, except at the
"insured's" own cost.

   **(2)** Immediately send us copies of any request,
demand, order, notice, summons or legal paper
received concerning the claim or "suit".

   **(3)** Cooperate with us in the investigation or
settlement of the claim or defense against the
"suit".

\* \* \* \* \* \* \*

16.    The Policy contains the following definitions, in pertinent part:

**SECTION VI-DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposure to the
same conditions resulting in "bodily injury" or "property
damage".

**B.** "Auto" means a land motor vehicle, "trailer" or semitrailer.

**C.** "Bodily injury" means bodily injury, sickness or disease
sustained by a person including death resulting from any of
these.

…

**I.** "Insured" means any person or organization qualifying as
an insured in the Who Is an Insured provision of the
applicable coverage. Except with respect to the Limit of
Insurance, the coverage afforded applies separately to each
insured who is seeking coverage or against whom a claim or
"suit" is brought.

…

    **P.**  "Suit" means a civil proceeding in which:

      **1.**  Damages because of "bodily injury" …

    …

        to which this insurance applies, are claimed.

        …

* * * * * * *

17.    By endorsement, the Policy defines "garage operations" as follows:

> "Garage operations" means the ownership, maintenance, or use of locations for garage business and that portion of the roads or other accesses that adjoin these locations. "Garage operations" includes the ownership, maintenance, or use of the "autos" indicated in SECTION I of this Coverage Form as covered "autos." "Garage operations" also includes all operations necessary or incidental to a garage business. "Garage operations" does not include the ownership or use of any "auto" which is not a covered "auto" under this policy.

* * * * * * *

**RELEVANT UNDERLYING FACTS AND CIRCUMSTANCES**

18.    On or about December 29, 2016, the Monahans were involved in a vehicular accident in California. Peter Monahan was driving the Monahans' vehicle; Kathleen Nunley Monahan was a passenger in the Monahans' vehicle. At the time of accident, a vehicle driven by nonparty Isidro Acosta ("Acosta") struck the Monahans' vehicle. The Monahans each sustained bodily injury in the accident.

19.    On December 10, 2018, the Monahans commenced an action for their damages arising out of the December 29, 2016, accident in the Superior Court of the State of California in and for the County of Mendocino, captioned *Monahan v. Acosta, et al.*, Case No. SCUK-CVPM-18-71886 ("the Lawsuit").

6

20.     The Lawsuit named as defendants Acosta, Kings Auto, and El Youbi. Summarily, the Monahans alleged Acosta negligently operated his vehicle, causing the Monahans' injury, and that Kings Auto and El Youbi owned and negligently entrusted to Acosta the vehicle Acosta was operating.

21.     Upon information and belief, neither Kings Auto nor El Youbi owned the vehicle Acosta was operating at the time of accident.  Rather, Kings Auto had sold the vehicle to a different third party in Oklahoma on or about July 8, 2016.

22.     Upon information and belief, Kings Auto and El Youbi do not know, have no relationship with, and have never had contact with Acosta.

23.     On January 8, 2019, Kings Auto and El Youbi were personally served with the Lawsuit.  Upon such receipt, Kings Auto and El Youbi hired counsel, Attorney A. Eva Borghei located in Oklahoma City, to represent them in the Lawsuit.

24.     At the time Kings Auto and El Youbi were served with the Lawsuit, neither of them notified National of such Lawsuit.

25.     At the time Kings Auto and El Youbi received notice of the Lawsuit, neither of them notified National of the vehicular accident giving rise to the Lawsuit.

26.     Kings Auto and El Youbi hired Attorney Borghei without National's knowledge.

27.     On February 16, 2019, Kings Auto and El Youbi were personally served with the Monahans' respective Statements of Damages sought in the Lawsuit pursuant to Cal. Civ. Proc. Code § 425.11.

28.    Neither Kings Auto nor El Youbi provided copies of the Monahans'
respective Statements of Damages to National.

29.    On February 19, 2019, Attorney Borghei filed an Answer in the Lawsuit on
behalf of Kings Auto and El Youbi.

30.    Neither Attorney Borghei, nor Kings Auto, nor El Youbi provided a copy of
their Answer in the Lawsuit to National.

31.    Upon information and belief, Attorney Borghei was not licensed to practice
law in the State of California when she filed Kings Auto's and El Youbi's Answer in the
Lawsuit, nor had she sought admission *pro hac vice* prior to filing said Answer.

32.    Upon information and belief, Kings Auto and El Youbi never retained
counsel licensed to practice law in the State of California to represent them in the Lawsuit.

33.    On or about March 3, 2020, the Monahans served Attorney Borghei, Kings
Auto, and El Youbi with Requests for Admission in the Lawsuit, which instructed Kings
Auto and El Youbi to respond to the same within thirty (30) days, and which further
instructed that a failure to respond could result in an order that deemed as true the facts at
issue in the Requests.

34.    Summarily, in their Requests for Admission, the Monahans sought admission
of facts regarding Kings Auto's and El Youbi's alleged negligent entrustment of a vehicle to
Acosta, leading to the Monahans' injuries.

35.    Neither Attorney Borghei, nor Kings Auto, nor El Youbi provided copies of
the Monahans' Requests for Admission to National.

36.     On or about July 17, 2020, the Monahans filed in the Lawsuit a Notice of Motion and Motion for Order Deeming Admitted Truth of Facts, wherein the Monahans advised that on August 14, 2020, they would move for an order in the Lawsuit deeming admitted the truth of facts set forth in their Requests for Admission served upon Kings Auto and El Youbi on March 3, 2020.  The Monahans' Notice advised that the grounds for their motion was that Kings Auto and El Youbi failed to serve timely responses to the Requests for Admission.

37.     Upon information and belief, copies of the Monahans' Notice of Motion and Motion for Order Deeming Admitted Truth of Facts filed in the Lawsuit were mailed or otherwise transmitted to Attorney Borghei, Kings Auto, and El Youbi.

38.     Neither Attorney Borghei, nor Kings Auto, nor El Youbi provided to National a copy of the Monahans' Notice of Motion and Motion for Order Deeming Admitted Truth of Facts.

39.     On or about August 14, 2020, the court presiding over the Lawsuit granted the Monahans' Motion for Order Deeming Admitted Truth of Facts.

40.     On or about October 23, 2020, the Monahans filed in the Lawsuit a Notice of Motion by Plaintiffs for Summary Judgment, wherein the Monahans advised that on January 15, 2021, they would move for summary judgment in their favor in the Lawsuit on the grounds that there were no contested issues of law or fact as to Acosta's, Kings Auto's and El Youbi's liability or the Monahans' damages and that the Monahans were therefore entitled to judgment as a matter of law.

41.     Upon information and belief, copies of the Monahans' Notice of Motion by Plaintiffs for Summary Judgment filed in the Lawsuit were mailed or otherwise transmitted to Attorney Borghei, Kings Auto, and El Youbi.

42.     Neither Attorney Borghei, nor Kings Auto, nor El Youbi provided to National a copy of the Monahans' Notice of Motion by Plaintiffs for Summary Judgment.

43.     The evidence the Monahans relied upon in support of their Motion for Summary Judgment against Kings Auto and El Youbi were the facts deemed admitted as true due to Kings Auto's and El Youbi's failure to respond to the Requests for Admission propounded upon them.

44.     On January 15, 2021, the court presiding over the Lawsuit entered its Order granting the Monahans' Motion for Summary Judgment.

45.     On April 5, 2021, and having previously granted the Monahans' Motion for Summary Judgment, the court presiding over the Lawsuit entered Judgment in favor of the Monahans and against Kings Auto and El Youbi, to wit:  Judgment in favor of Kathleen Nunley Monahan against Kings Auto and El Youbi, jointly and severally, in the amount of $1,250,000.00; and judgment in favor of Peter Monahan against Kings Auto and El Youbi, jointly and severally, in the amount of $350,000.00.

46.     Upon information and belief, on or about April 6, 2021, a copy of the Judgment entered in the Lawsuit was mailed or otherwise transmitted to Attorney Borghei, Kings Auto, and/or El Youbi, but none of those individuals/entities ever then transmitted the Judgment to National.

47.     On January 28, 2022, the Monahans filed in the District Court of Oklahoma County, State of Oklahoma, at Case No. CV-2022-183, a Petition for Registration of Foreign Judgment, wherein the Monahans asked the Oklahoma district court to give full faith and credit to the Judgment entered in the Lawsuit and recognize such Judgment as valid and enforceable against Kings Auto and El Youbi in Oklahoma.

48.     On April 21, 2022, Kings Auto and El Youbi were served with the Monahans' Petition for Registration of Foreign Judgment filed in Case No. CV-2022-183, District Court of Oklahoma County, State of Oklahoma.

49.     Upon receipt, Kings Auto and El Youbi did not immediately forward to National the Monahans' Petition for Registration of Foreign Judgment filed in Case No. CV-2022-183, District Court of Oklahoma County, State of Oklahoma.

50.     On April 26, 2022, National received a letter dated April 21, 2022, from the Monahans' counsel in the Lawsuit, Attorney Benjamin Mainzer.  In his letter, Attorney Mainzer advised of his representation of the Monahans and entry of Judgment in the Lawsuit against Kings Auto and El Youbi.  Attorney Mainzer's letter included a copy of the Judgment.

51.     Attorney Mainzer's letter to National advised that the Monahans were seeking to collect on the Judgment.

52.     Attorney Mainzer's letter was National's first notice of the Lawsuit, the accident underlying it involving the Monahans, and the Judgment entered against Kings Auto and El Youbi.

53.     The Monahans, through Attorney Mainzer, have made demand upon National, Kings Auto's insurer, to pay some or all of the Judgment.

### COVERAGE ISSUES UNDER THE POLICY

54.     In failing to give notice of the Lawsuit, the accident underlying the Lawsuit, and any of the filings in the Lawsuit prior to entry of the Judgment, Kings Auto and El Youbi failed to comply with the Policy's provisions regarding "Duties In The Event Of Accident, Claim, Suit Or Loss".

55.     As a result of Kings Auto's and El Youbi's failure to comply with the Policy's provisions regarding "Duties In The Event Of Accident, Claim, Suit Or Loss", National has been prejudiced.

56.     In particular, but without limitation, National was deprived of its right under the Policy to control Kings Auto's and El Youbi's defense in the Lawsuit and to assert a defense on behalf of Kings Auto and El Youbi in the Lawsuit, leading to the Judgment entered against Kings Auto and El Youbi.

57.     Kings Auto's and El Youbi's failure to comply with the Policy's provisions regarding "Duties In The Event Of Accident, Claim, Suit Or Loss" precludes coverage under the Policy for the Lawsuit, the accident underlying the Lawsuit, and the Judgment entered in the Lawsuit and registered as a foreign judgment in Oklahoma.

58.     Further, under the facts known to National, alleged herein, El Youbi does not qualify as an "insured" under the Policy.

59.     Further, under the facts known to National, alleged herein, Acosta does not qualify as an "insured" under the Policy.

**CLAIM FOR DECLARATORY RELIEF**

60.     In light of the foregoing, and under the clear and unambiguous terms of the Policy, no coverage exists under the Policy to respond to the Monahans' claims against Kings Auto, El Youbi, and Acosta; the Lawsuit; the accident underlying the Lawsuit; and the Judgment entered in the Lawsuit and registered as a foreign judgment in Oklahoma.

61.     Based on the foregoing, there exists an actual and justiciable controversy between National, Kings Auto, El Youbi, and the Monahans within the jurisdiction of this Court and involving the rights and liabilities of the parties under a contract of insurance, which controversy may be determined by a judgment of this Court.

62.     National seeks guidance from this Court to determine the rights and obligations of the parties, including confirmation that National does not have any duty to indemnify Kings Auto, El Youbi, or Acosta in the Lawsuit or for the Judgment, as described herein.

**PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff National Fire & Marine Insurance Company prays this Court enter a declaration pursuant to 28 U.S.C. §§ 2201 *et seq.* holding, adjudging and decreeing:

(1)     that there is no coverage under the Policy for the claims asserted against Kings Auto, El Youbi, and Acosta in the Lawsuit;

(3)     that National is under no duty to pay or in any way satisfy or partially satisfy the Judgment entered in the Lawsuit and registered as a foreign judgment in the State of Oklahoma; and

13

(4)     for any other and further relief this Court deems just and proper in the premises.

Respectfully submitted

NATIONAL FIRE & MARINE
INSURANCE COMPANY,
                                    — Plaintiff

By:         /s/Tyler J. Coble
            Tyler J. Coble – OBA #30526
            CHEEK LAW FIRM, PLLC
            311 North Harvey Avenue
            Oklahoma City, Oklahoma  73102
            Telephone: (405) 272-0621
            Facsimile: (405) 232-1707
            tcoble@cheeklaw.com
            ATTORNEY FOR PLAINTIFF