UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NATIONAL FIRE & MARINE INSURANCE COMPANY,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v.  ) <br> ) <br> **KINGS AUTO SALES INC. et al,** ) <br> ) <br> **Defendants.** ) | Case No. CIV-22-468-G |

## ORDER

Now before the Court is Plaintiff National Fire & Marine Insurance Company's Motion for Default Judgment (Doc. No. 15), in which Plaintiff seeks entry of a default judgment against Defendants Kings Auto Sales Inc. ("Kings Auto") and Samir El Youbi ("El Youbi"). No response has been filed to the instant Motion. For the reasons stated below, the Court finds that a default judgment should be entered.

*I.    Background*

On June 7, 2022, Plaintiff initiated this action pursuant to 28 U.S.C. § 2201, seeking a declaratory judgment regarding the coverage of its Commercial Policy providing Garage Coverage, policy no. 72 GHS 036561 (the "Policy"), issued to Kings Auto. *See* Compl. (Doc. No. 1) ¶¶ 1, 9-10, 54-62. Defendants Kings Auto and El Youbi were served with a summons and the Complaint on or around November 22, 2022. *See* Doc. Nos. 6, 7. On January 11, 2023, after Plaintiff showed that these defendants had failed to answer or otherwise defend itself in this lawsuit, the Clerk entered Kings Auto's and El Youbi's default pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Entry of Default

(Doc. No. 13). Plaintiff now seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b). *See* Pl.'s Mot. Default J. (Doc. No. 15) at 13-14.

## II. Discussion

### A. Procedural Requirements

The record reflects that Defendants have failed to answer or plead, that default was entered by the Clerk, and that Plaintiff's Motion complies with Local Civil Rule 55.1.[1] Accordingly, Plaintiff has satisfied the procedural requirements for entry of a default judgment. *See* Fed. R. Civ. P. 55(b); LCvR 55.1; *see also Tabb v. Mentor Prot. Serv. LLC*, No. CIV-17-1130-D, 2018 WL 3213622, at *1 (W.D. Okla. June 29, 2018).

### B. Plaintiff's Allegations

The entry of a default judgment "is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). "Default judgments are generally disfavored in light of the policy that cases should be tried upon their merits whenever reasonably possible. Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party." *Tabb*, 2018 WL 3213622, at *1 (citing *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).

Because a default has been entered, Plaintiff is "relieved . . . from having to prove the complaint's factual allegations." *Tripodi*, 810 F.3d at 765; *see also United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits

---

[1] Plaintiff attached the affidavit required by Local Civil Rule 55.1 to its Motion for Entry of Default. *See* Doc. No. 12-1.

the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (internal quotation marks omitted)). Even after default, however, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (internal quotation marks omitted).

Plaintiff National Fire & Marine Insurance Company alleges that on or about December 29, 2016, Peter Monahan and Kathleen Nunley Monahan were injured in an accident in California in which a vehicle driven by Isidro Acosta struck the Monahans' vehicle. *See* Compl. ¶ 18. The Monahans then sued Kings Auto and El Youbi in the Superior Court of the State of California in and for the County of Mendocino (the "California Lawsuit"), alleging that Kings Auto and El Youbi had negligently entrusted to Acosta the vehicle that Acosta was operating during the accident. *Id.* ¶¶ 18-45. The California court entered judgment in favor of the Monahans and against Kings Auto and El Youbi. *Id.* ¶ 45. Following entry of judgment in the California Lawsuit, the Monahans filed a Petition for Registration of Foreign Judgment in the District Court of Oklahoma County, Oklahoma, in an effort to collect on the judgment against Kings Auto and El Youbi in Oklahoma. *Id.* ¶¶ 47-53.

Plaintiff further alleges in the Complaint that the Monahans, through counsel, have made demand upon Plaintiff to pay some or all of the judgment against Kings Auto and El Youbi. *See id.* ¶ 53. Plaintiff alleges that Kings Auto and El Youbi did not notify Plaintiff of the California Lawsuit, the accident giving rise to the California Lawsuit, the judgment

obtained against them in the California Lawsuit, or the registry of that foreign judgment in Oklahoma County. *See id.* ¶¶ 24, 25, 46, 49, 50.  Plaintiff alleges and has cited to language in the Policy supporting that Defendants' failure to provide notice of the accident and resulting lawsuit precludes coverage under the Policy for the California Lawsuit, the accident underlying the California Lawsuit, and the judgment entered in that lawsuit and registered as a foreign judgment in Oklahoma. *See id.* ¶¶ 54-57; Policy § V(A)(2) (Doc. No. 15-1) at 28 ("We have no duty to provide coverage under this policy unless there has been full compliance with the following duties: a. In the event of 'accident,' claim, 'suit' or 'loss,' you must give us or our authorized representative prompt notice of the accident or 'loss.'").

        C.     *Relief Requested*

Pursuant to these allegations, Plaintiff requests that the Court enter judgment declaring the following:

1. That the Commercial Policy providing Garage Coverage, policy no. 72 GHS 036561, with policy period from 08/03/2016 to 08/03/2017, issued by National Fire & Marine Insurance Company in favor of Kings Auto Sales Inc., Named Insured ("the Policy") does not provide coverage for the claims asserted by Kathleen Nunley Monahan and Peter Monahan against Kings Auto Sales, Inc., Samir El Youbi, and Isidro Acosta arising out of the Monahans' vehicular accident on or about December 29, 2016, as alleged in the Monahans' action for damages filed in the Superior Court of the State of California in and for the County of Mendocino, captioned *Monahan v. Acosta, et al.*, Case No. SCUK-CVPM-18-71886 ("the Lawsuit"); [and]

2. That National Fire & Marine Insurance Company is under no duty to pay or in any way satisfy or partially satisfy the judgment entered in the Lawsuit and registered as a foreign judgment in the State of Oklahoma[.]

Pl.'s Mot. Default J. at 14.

The Court concludes that Plaintiff's well-pleaded factual allegations and the plain language of the Policy establish that the Policy does not provide coverage for the Monahans' claims arising from the California Lawsuit, the accident underlying the California Lawsuit, and the judgment entered in that lawsuit and registered as a foreign judgment in Oklahoma. Plaintiff is therefore entitled to the requested declaratory judgment. *See Mathiason*, 187 F. Supp. 3d at 1274; *Hiscox Ins. Co. Inc. v. Purpose Janitorial, LLC*, No. CIV-22-835-D, 2023 WL 3168598, at *2 (W.D. Okla. Apr. 28, 2023). Further, because Defendants Kings Auto and El Youbi have failed to respond to or defend this action in any way, the Court finds that entry of a default judgment awarding the requested relief is appropriate.[2]

## CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment (Doc. No. 15) is GRANTED as set forth herein. A separate Default Judgment shall be entered.

IT IS SO ORDERED this 28th day of September, 2023.

_____
CHARLES B. GOODWIN
United States District Judge

---

[2] The Court also concludes that it has jurisdiction to issue a declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 because the allegations reflect that payment under the Policy has been demanded to satisfy the judgment against Defendants Kings Auto and El Youbi and that Plaintiff disputes that coverage applies. *See Hiscox Ins. Co.*, 2023 WL 3168598, at *2 n.1.